Charles E. Lewis
vs. } Law No. 65759
New York, New Haven & Hartford R. R. Co.

February 26, 1926

TANNER, P. J. This is an action upon the case for negligence in which the plaintiff alleges in the second count of the declaration that, while standing upon the platform of the defendant company as a passenger, he was injured by being struck by a truck, standing on said platform which truck had been struck by a train of the defendant company and thrown against said plaintiff.

The case is heard upon the plaintiff's demurrer to the defendant's second plea. The second plea is to the effect that the acts complained of in the second count of the plaintiff's declaration were not the acts of the defendant or any of its servants or agents, but were the acts and deeds of an independent contractor over whom and whose agents and servants defendant had no management, care or control, and also that the said de-

fendant had no notice whatever of the alleged wrongful acts of the said independent contractor and that said wrongful acts did not continue for .a sufficient time to give notice thereof to the said defendant.

This plea alleges in effect that the leaving of this truck upon the platform was a single isolated act of a stranger, of which act the defendant had no actual or implied notice. The plea, therefore, is a valid plea and the demurrer to it is overruled.

If it had ben stated in said declaration or plea that the truck had been placed upon the platform by an express company which was in the habit of so doing with the knowledge and permission of the defendant company, this would make an entirely different case from that stated in the plea. There are several cases which would make a railroad company liable for such circumstances as though the agents of the express company were also the agents of the defendant company in thus placing said truck. We think, however, that the better law is that it would be a question for the jury whether or not the express company was in the habit of placing said truck in such a dangerous position so that the railroad company knew or ought to have known of said dangerous practice, or whether, if it was an isolated act, the railroad company actually knew, or should have known of said single act of so placing said truck, or whether in either case the railroad company had reason to anticipate the dangerous placing of said obstruction.

Virginia Central R. R. Co. vs. Sanger, 15 Grat. 230.

Mangum vs. N. Car. R. R. Co., 13 L. R. A. (M. S.) 589.

The last named case states the doctrine of which we have disapproved, but the note, with its numerous citations of authorities, states the doctrine which we believe to be correct.

Demurrer overruled.

For Plaintiff: Littlefield, Otis & Knowles.

For Defendant: E. J. Phillips.